IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORDELL GINES,** | |
| Plaintiff, | |
| v. | Case No. 25-cv-314-NJR |
| **WEXFORD HEALTH SOURCE, INC.,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cordell L. Gines, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Gines's original Complaint (Doc. 1) was dismissed because it failed to state a claim (Doc. 13, p. 5). The Court also noted that Gines had previously accrued three strikes for purposes of 28 U.S.C. § 1915(g) and failed to disclose those strikes (*Id*. at pp. 2-4). He was instructed to file an Amended Complaint and a response explaining his failure to identify his previous strikes (*Id*. at p. 6).

This matter is now before the Court for preliminary review of Gines's Amended Complaint (Doc. 15) and his response (Doc. 14) regarding his litigation history. Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP") "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

In dismissing Gines's previous pleading, the Court noted that Gines previously received three strikes for the dismissal of cases deemed legally frivolous (Doc. 13, pp. 2-3). *See Gines v. Peterson*, Case No. 08-cv-00681-MJR (S.D. Ill., dismissed May 11, 2009); *Gines v. Tilden*, Case No. 16-cv-01127-JES (C.D. Ill., dismissed Nov. 7, 2016); *Gines v. Curry*, Case No. 24-cv-2418-SPM (S.D. Ill., dismissed Feb. 4, 2025). Gines failed to disclose two of the cases and mislabeled the case number and nature of the dismissal in the third case (*Id.* at p. 3). In responding to the Order directing him to explain his failure to identify his strikes, Gines explains that he did not know his most recent case counted as a strike and the complaint form he received from the prison did not instruct him on disclosing strikes. The Court previously noted that Gines's Complaint appeared to include forms from two different complaint forms (*See* Doc. 1, pp. 1-2, 3-6; Doc. 13, p. 3). The portion requesting information on previous lawsuits did not request the disclosure of strikes. Because Gines maintains he used the form provided by the prison that did not request the disclosure of

strikes assessed in previous litigation, the Court finds that Gines did not intentionally mislead the Court.

But Gines still accrued three strikes prior to filing this lawsuit. Thus, he is prohibited from proceeding without prepayment of the filing fee unless he demonstrates that he is in imminent physical danger. The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id*. The imminent danger exception to Section 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

In his Amended Complaint, Gines alleges that on February 17, 2025, he submitted his refill sticker for his blood pressure medication, but did not receive the medication (Doc. 15, p. 2). He submitted several sick call requests over the course of the next few days inquiring about his medication (*Id*.). He later notes that he also lacked access to his diabetes medication, but it is not clear when he last had a dose of either medication. He alleges that he submitted his request for his blood pressure medication on February 17, 2025, suggesting that he had his last dose on that date or shortly thereafter. But later in the pleading Gines contends that he went without his blood pressure medication from

3

August 22, 2024, until March 28, 2025 (Doc. 15, p. 4). His vague and contradictory allegations make it difficult to determine exactly how long he went without his medications.[1] And without knowing how long he went without the medications, the Court is unable to determine that he faced a serious risk of harm at the time he filed his original pleading.

At the time Gines filed his original complaint on March 6, 2025, only a little over two weeks had passed since he submitted his refill request (Doc. 1, p. 6). Gines alleges that during that time he experienced headaches, cold sweats, shortness of breath, increased chance of stroke, dry mouth, blurred vision, and frequent urination (*Id*. at p. 5). But his Amended Complaint indicates that he eventually received both of his missing medications on March 28, 2025 (Doc. 15, p. 4). His Amended Complaint also alleges the same symptoms; there does not appear to be any increase in the seriousness of his symptoms prior to receiving his medication. The symptoms he experienced during the short time do not evidence a real threat of serious physical injury. *See Jackson v. Pollion*, 733 F.3d 786, 789 (7th Cir. 2013) (short interruption in blood pressure medication and elevated blood pressure would not "have endangered [plaintiff's] long-term health").

Further, Gines's Amended Complaint fails to allege that any defendant was deliberately indifferent to his need for medication. He identifies Nurse Darren, Nurse

---

[1] After filing his original pleading, Gines submitted additional affidavits where he noted the length of the delays in his medications. These filings also contradict his Amended Complaint. As to his diabetes medication, he noted that he had been without the medication for 13 days as of March 23, 2025 (Doc. 8, p. 7). A subsequent affidavit noted that he did not receive his diabetes medication until April 11, 2025 (Doc. 9-1, p. 4). But his Amended Complaint suggests that he went without the medication from April 9, 2024, until March 28, 2025 (Doc. 15, p. 4).

4

Hill, and Correctional Officer B. Garcia as individuals who he spoke to about his lack of medication and symptoms, but he fails to identify those individuals as defendants in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). He only identifies Wexford Health Source, Inc. in the case caption, but the company can only be liable if it had a policy that caused a constitutional violation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Gines fails to point to any such policy. Thus, his Amended Complaint fails to even allege deliberate indifference on the part of any defendant, and it fails to allege that he faced any imminent danger from a named defendants' actions at the time of filing.

For the reasons set forth above, the Court finds that Gines has failed to demonstrate imminent danger and is barred from proceeding without paying the filing fee in this case. His motion to proceed without prepayment of fees (Doc. 2) is **DENIED**.

Gines is **ORDERED** to pay the full filing fee of $405.00 on or before **September 2, 2025**. If Gines fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57(7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

DATED: August 4, 2025

*(signature)*

NANCY J. ROSENSTENGEL
Chief U.S. District Judge